IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **FRAMED WALL ART, LLC**<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**PME HOLDINGS, LLC, et al.,**<br><br>　　　　　　　Defendants. | **ORDER**<br><br>Case No.  2:08CV781DAK |

　　　　This matter is before the court on Defendants' Motion to Dismiss and Plaintiff's Motion to Dismiss Counterclaims.  The court scheduled a hearing on those motions for March 4, 2009.  However, the court vacates the hearing and enters the following order on the parties' motions.

### I. Defendants' Motion to Dismiss Complaint

　　　　Defendants' Motion to Dismiss is based solely on Plaintiff's failure to allege on the face of its Complaint that it had obtained copyright registrations.  The Complaint states that "FWA is still awaiting copyright certificate issuance from the US Copyright Office."  Compl. ¶ 63.  Pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim."

　　　　In response to Defendants' Motion to Dismiss, Plaintiff attached four copyright registrations for works it claims were copied by Defendants.  Defendants contend that attaching the copyright registrations is insufficient because the face of the Complaint is still deficient.  While Plaintiff has not sought leave to amend its Complaint, the court concludes that Plaintiff must do so.  Accordingly, Plaintiff is granted ten days from the date of this Order to file an

Amended Complaint indicated that it has copyright registrations and attaching such registrations to the Complaint.

## II.  Plaintiff's Motion to Dismiss Counterclaims

Plaintiff moves to dismiss Defendants' counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with economic relations.  In response to Plaintiff's motion, Defendant filed an amended counterclaim.  Thus, Defendant's opposition to Plaintiff's motion states only that Plaintiff's motion to dismiss is moot because it was filed against the previous counterclaim.  Defendants did not address the merits of the motion.  In reply, Plaintiff claims that Defendant has waived its arguments to its motion.  Plaintiff then asserts arguments regarding the insufficiency of Defendants' amended counterclaims.

Technically, Defendants are correct that the motion to dismiss counterclaims is moot because it is directed at the previous counterclaims.  While the court would have preferred that Defendant proceed to discuss the merits of the motion as it would pertain to its amended counterclaims, Defendant did not do so.  The court, however, finds no basis for concluding that Defendants waived their arguments to Plaintiff's motion to dismiss.  The court denies Plaintiff's motion to dismiss counterclaims without prejudice.  Plaintiff is granted twenty days to file a new motion to dismiss to Defendants' amended counterclaims.  The motion shall then be fully briefed prior to a hearing by the court.

## III.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted in part and denied in part.  Plaintiff shall file an Amended Complaint within ten days of the date of this order.

Plaintiff's Motion to Dismiss Counterclaims is denied without prejudice. Plaintiff may file a new motion to dismiss the amended counterclaims within twenty days of the date of this Order. The March 4, 2003, hearing on these motions is vacated.

DATED this 3rd day of March, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge